07 CV 11046

JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

ALICIA WILLIAMS,

                          Plaintiff,    **COMPLAINT AND**
                                       **JURY DEMAND**
      -against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F.      Docket #
HORN, WARDEN FIDEL GONZALEZ AMKC,
CORRECTION OFFICERS JANE DOE 1-3,      ECF CASE
CORRECTION OFFICER JOHN DOE 1-5,

                           Defendants.

------------------------------------------------------------- x



RECEIVED
DEC 0 5 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §§1983, 1988 and the Fourth and Fourteenth Amendments and the laws and Constitution of the State of New York.

2. The claim arises from October 9, 2005 incident in which Officers of the New York City Department of Correction ("DOC") acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, an unlawful strip search.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331 and 42 USC §1983. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Department of Correction Commissioner Martin Horn ("Horn") was at all times here relevant the Commissioner of the New York City D.O.C., and, as such, was a policy maker with respect to training, supervision, and discipline of D.O.C. officers, including the other individual defendants. On information and belief, Commissioner Horn was responsible for the policy, practice, supervision, implementation, and conduct of all D.O.C. matters and was responsible for the appointment, training, supervision, and conduct of all D.O.C. personnel, including the defendants referenced herein. Commissioner Horn is also responsible for the care, custody, and control of all inmates housed in the D.O.C. jails. As Commissioner, Horn is provided with reports of applications of force, allegations of unreported use of force, and other breaches of security in the Department jails. In addition, at all relevant times, defendant Horn was responsible for enforcing the rules of D.O.C., and for ensuring that D.O.C. personnel obey the laws of the United States and of the State of New York. Defendant Horn is sued in his individual and official capacities.

10. At all times relevant hereto, Fidel Gonzalez was the Warden of Anna M. Kross Center

2

(A.M.K.C.). As Warden, his responsibilities included supervision of correction officers, captains, and other supervisors with respect to the care, custody and control of prisoners confined in the jail. These responsibilities were and are required to be carried out in a manner consistent with the legal mandates that govern the operation of D.O.C. jails, including D.O.C. directives and orders governing the use of force, the reporting of use of force, and the Board of Correction Minimum Standards. Warden Gonzalez is sued in his individual and official capacities.

11. All other individual defendants ("the officers") are employees of the D.O.C., and are sued in their individual capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

13. On October 9, 2005, at AMKC on Riker's Island, Ms. Williams was visiting her husband, who was incarcerated at AMKC.

14. Officers subjected Ms. Williams to an unlawful strip search without reasonable suspicion or consent.

15. Officers terminated the visit between Ms. Williams and her husband without legal basis or consent.

16. At all times during the events described above, the Corrections Officers were engaged in a joint venture and formed an agreement to violate Ms. Williams' rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against Ms. Williams.

17. During all of the events above described, defendants acted maliciously and with intent to injure Ms. Williams.

## DAMAGES

18. As a direct and proximate result of the acts of defendants, Ms. Williams suffered the following injuries and damages:

   a. Violation of her right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

   b. Violation of her right not to be searched or seized unreasonably sunder the Fourth Amendment to the United States Constitution;

   c. Violation of her New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   d. Violation of her New York State Constitutional right under Article 1, Section 12 to not be unreasonably searched or seized;

   e. Physical pain and suffering;

   f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and

   g. Loss of liberty.

## FIRST CAUSE OF ACTION
### (42 USC § 1983)

19. The above paragraphs are here incorporated by reference.

20. Defendants acted under color of law and conspired to deprive plaintiff of her civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York

4

State Constitution.

21. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

22. The above paragraphs are here incorporated by reference.

23. The City, the Commissioner, the Chief and Warden Gonzalez are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

24. The City, the Commissioner, the Chief and Warden Gonzalez knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

25. The aforesaid event was not an isolated incident. The City, the Commissioner, the Chief and Warden Gonzalez have been aware for some time (from lawsuits, notices of claim and inmate complaints) that many of their officers are insufficiently trained on when strip searches may be constitutionally conducted. The City, the Commissioner, the Chief and Warden Gonzalez insufficiently discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. The City, the Commissioner, the Chief and Warden Gonzalez are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the defendants have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil and constitutional rights, without fear of reprisal.

26. The City, the Commissioner, the Chief and Warden Gonzalez knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, the Commissioner, the Chief and Warden

Gonzalez failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

27. The City, the Commissioner, the Chief and Warden Gonzalez have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

28. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, the Commissioner, the Chief and Warden Gonzalez to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

29. The City, the Commissioner, the Chief and Warden Gonzalez have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving officer misconduct.

30. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City, the Commissioner, the Chief and Warden Gonzalez.

### THIRD CAUSE OF ACTION
(UNLAWFUL STRIP SEARCH)

31. All preceding paragraphs are here incorporated by reference.

32. Defendants, acting under color of law, unlawfully subjected plaintiff to a strip search.

33. Defendants did not have reasonable suspicion to search plaintiff and plaintiff did not consent to being strip searched.

34. Plaintiff was damaged by defendants' unlawful strip search of her person.

## FOURTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

35. Defendants intended to cause emotional harm to plaintiff or knew that it was substantially certain to occur when they submitted her to a strip search.

36. Defendants had no legal basis to submit plaintiff to a strip search.

37. Subjecting plaintiff to an unlawful strip search is conduct that is shocking and outrageous.

38. Plaintiff was injured by defendants' conduct.

## FIFTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

39. All preceding paragraphs are here incorporated by reference.

40. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

41. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## SIXTH CAUSE OF ACTION
### (NEGLIGENT HIRING & RETENTION)

42. The above paragraphs are here incorporated by reference.

43. Defendant officers had a bad disposition and the D.O.C. knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' bad dispositions through the hiring process.

44. Defendants knew or should have known that their failure to investigate defendant officers' bad dispositions would lead to plaintiff's injury.

45. Defendants were negligent in their hiring and retaining the officers involved in this case in that they knew or should have known of the officers' propensity to abuse strip searches.

46. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under common law, 42 USC §1983 and the New York State Constitution.

47. The injury to plaintiff was caused by the officers' foreseeable abuse of strip searches.

## SEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

48. The above paragraphs are here incorporated by reference.

49. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

50. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

    A.    In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

    B.    Awarding plaintiff punitive damages in an amount to be determined by a jury;

    C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         December 4, 2007

TO:   New York City
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY 10007

      Department of Correction Commissioner
      Martin Horn
      60 Hudson Street
      New York, NY 10013

      AMKC Warden Fidel Gonzalez
      60 Hudson Street
      New York NY 10013

Yours, etc.,

*[signature]*

Cynthia Conti-Cook, Esq.
Bar #CC0778
Stoll, Glickman & Bellina, LLP
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
cynthiaconticook@gmail.com