UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| ALICIA WILLIAMS, | **ANSWER** |
| Plaintiff, | 07 CV 11046 (PKC)(DCF) |
| -against- | |
| THE CITY OF NEW YORK, DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN, WARDEN FIDEL GONZALEZ AMKC, CORRECTION OFFICERS JANE DOE 1-3, CORRECTION OFFICER JOHN DOE 1-5, | JURY TRIAL DEMANDED |
| Defendants. | |

------------------------------------------------------------------------ x

Defendants City of New York, Department of Correction Commissioner Martin F. Horn, and Warden Fidel Gonzalez AMKC, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

2. Deny the allegations set forth in paragraph "2" of the Complaint.

3. Deny the allegations set forth in paragraph "3 of the Complaint, except admit that plaintiff purports to proceed as stated therein.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to bring this action and to invoke the jurisdiction of the court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint.

  6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

  7. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

  8. Admit the allegations set forth in paragraph "8" of the Complaint.

  9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Department of Correction Commissioner Martin Horn ("Horn") was the Commissioner of the New York City Department of Correction on the date in question.

  10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Warden Fidel Gonzalez AMKC ("Gonzalez") was the Warden of the Anna M. Kross Center ("AMKC") of the New York City Department of Correction on the date in question.

  11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, as it pertains to unidentified defendants.

  12. Paragraph "12" of the Complaint contains conclusions of law to which no response is required.

  13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint, except admit that plaintiff was at AMKC on October 9, 2005.

  14. Deny the allegations set forth in paragraph "14" of the Complaint.

  15. Deny the allegations set forth in paragraph "15" of the Complaint.

  16. Deny the allegations set forth in paragraph "16" of the Complaint.

  17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint, including all subparts thereto.

19. In response to the allegations set forth in paragraph "19" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-19" inclusive of this answer, as if fully set forth herein.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. In response to the allegations set forth in paragraph "22" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-22" inclusive of this answer, as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-31" inclusive of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. In response to the allegations set forth in paragraph "39" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-39" inclusive of this answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. In response to the allegations set forth in paragraph "42" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-42" inclusive of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. In response to the allegations set forth in paragraph "48" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-48" inclusive of this answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

51. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

52. At all times relevant to the acts alleged in the complaint, the duties and functions of defendants' officials are entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

53. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

54. Punitive damages cannot be assessed against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

55. Any state law claims are barred for plaintiff's failure to comply with General Municipal Law §50-e and (i).

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

56. Any detention of plaintiff was privileged.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

57. Plaintiff provoked the incident.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

58. Plaintiffs claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

59. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

60. Defendant Horn and Gonzalez have not violated any clearly established constitutional or statutory right of which a reasonable person should have known and therefore are protected by qualified immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

61. To the extent the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AND AS FOR A TWELFTH AFFIRMATIVE DEFENSE:

62. At all times relevant to the acts alleged in the complaint, defendants Horn and Gonzalez acted reasonably in the proper and lawful exercise of their discretion.

### AND AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

63. Defendants Horn and Gonzalez were not personally involved in the allegations set forth in the Complaint.

**WHEREFORE**, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           February 11, 2008

                                        MICHAEL A. CARDOZO
                                      Corporation Counsel of the
                                      City of New York
                                      Attorneys for Defendants City of New York,
                                      Department of Correction Commissioner Martin F.
                                      Horn and Warden Fidel Gonzalez AMKC
                                      100 Church Street
                                      New York, New York 10007
                                      (212) 788-9580

                                By:    /s/
                                          Afsaan Saleem (AS 2012)
                                          Senior Counsel

TO:     Ms. Cynthia Conti-Cook (By ECF)

Index No. 07 CV 11046 (PKC)(DCF)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ALICIA WILLIAMS,<br><br>                                                Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN, WARDEN FIDEL GONZALEZ AMKC, CORRECTION OFFICERS JANE DOE 1-3, CORRECTION OFFICER JOHN DOE 1-5,<br><br>                                                Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>   *Attorney for Defendants*<br>   *100 Church Street*<br>   *New York, New York  10007*<br><br>   *Of Counsel:  Afsaan Saleem*<br>   *Tel:  (212) 788-9580*<br>   *NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.............................................. , 2007..*<br><br>*.................................................................. Esq.*<br><br>*Attorney for.............................................................* |